# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

PROPERTIES OF THE VILLAGES, INC.,

   *Plaintiff-Appellee*,

v.

FEDERAL TRADE COMMISSION,

   *Defendant-Appellant*.

No. 24-13102

## MOTION TO HOLD PROCEEDINGS IN ABEYANCE

Plaintiff-Appellee Properties of the Villages, Inc. ("POV"), respectfully moves this Court to hold this case in abeyance pending the disposition of the Fifth Circuit appeal of Defendant-Appellant Federal Trade Commission ("Commission") in *Ryan, LLC v. Federal Trade Commission*, the outcome of which may render this appeal moot or otherwise obviate the need for this appeal.[1]

This case involves statutory and constitutional challenges to the Commission's Non-Compete Rule, which bans nearly all existing and future non-compete agreements. *See* 89 Fed. Reg. 38,342 (May 7, 2024) ("Non-Compete Rule" or the "Rule"). Below, the district court granted POV's motion for a preliminary

---

[1] Although POV brings this motion for abeyance for the benefit of conserving the resources of this Court and the parties, should this Court prefer to proceed with the briefing and hearing in this matter, POV remains willing and able to do so.

injunction as to POV, concluding that the challenge was likely to succeed on the merits and that the Non-Compete Rule would irreparably harm POV. Following that ruling, however, a district court in Texas went even further: It entered a final judgment, after full briefing on the merits, that "set aside" the Non-Compete Rule nationwide. *See Ryan, LLC v. Fed. Trade Comm'n* (*Ryan II*), No. 3:24-cv-986, 2024 WL 3879954, at *14 (N.D. Tex. Aug. 20, 2024), *appeal filed* (Oct. 18, 2024). As a result, that order separately and independently gives full relief to POV, and a Fifth Circuit affirmance of that judgment would effectively moot this appeal. To conserve judicial resources, this Court should hold this narrower, interlocutory appeal of a preliminary injunction in abeyance pending the Fifth Circuit's decision. Before filing this motion, counsel for POV informed counsel for the Commission that it would be moving to hold the proceedings in abeyance. Counsel for the Commission responded that the Commission opposes this motion.

## BACKGROUND

POV sells homes in The Villages®, an active adult community located in central Florida. A core aspect of POV's business model is the significant investment that it makes in its sales associates, who often have little to no prior real estate experience. Sales associates are provided comprehensive, specialized training and given access to a steady stream of current and prospective clients. In exchange for these benefits, POV's sales associates sign tailored non-compete agreements in

which they agree not to sell homes within The Villages community for 24 months after they depart.[2]  Recognizing that the Non-Compete Rule would effectively invalidate these contracts and upend its unique business model, POV sued the Commission in the Middle District of Florida and sought a preliminary injunction.

On August 15, 2024, the court granted a preliminary injunction to POV, concluding that POV was likely to succeed on its claim that the Non-Compete Rule exceeded the Commission's statutory authority.  *See Props. of the Villages, Inc. v. Fed. Trade Comm'n*, No. 5:24-cv-316, 2024 WL 3870380, at *11 (M.D. Fla. Aug. 15, 2024).  Applying the major questions doctrine, the court observed that the Non-Compete Rule was both economically and politically significant:  The Rule is estimated to cost employers "400 to 488 billion dollars more in wages over ten years," and non-compete clauses have been subject to extensive "political debate" at both the federal and state levels.  *See id.* at *7–8.  The Commission's "new assertion of this expansive authority in [a] long-standing but relatively dormant" provision of its authorizing statute was "further evidence that the final rule is not authorized."  *Id.* at *9.  The district court then held that POV had demonstrated irreparable harm,

---

[2] The Middle District of Florida previously determined that POV's non-compete agreements are valid and enforceable under Florida law because they are reasonable in time, area, and line of business and justified to protect POV's customers, goodwill, and confidential, proprietary, and trade secret information.  *See Props. of the Villages, Inc. v. Kranz*, No. 5:19-cv-647, 2021 WL 2144178, at *5 (M.D. Fla. May 24, 2021).

which included POV's costs for reviewing existing employment contracts and costs for strategizing on changes to its business model that would not be recoverable from the government. *Id.* at *10.

The Northern District of Texas addressed a similar challenge to the Commission's Non-Compete Rule brought by Ryan, LLC, and the Chamber of Commerce of the United States.[3] On July 3, 2024, the district court in that suit issued a preliminary injunction as to the parties. *Ryan, LLC v. Fed. Trade Comm'n* (*Ryan I*), No. 3:24-cv-986, 2024 WL 3297524, at *17 (July 3, 2024). Then, on August 20, 2024—after full briefing on the merits—the district court granted summary judgment to the plaintiffs, holding that the Commission "lacks statutory authority to promulgate the Non-Compete Rule, and that the Rule is arbitrary and capricious." *Ryan II*, 2024 WL 3879954, at *14. The Court "set aside" the Rule, prohibiting the Commission from enforcing or otherwise putting the Rule into effect. *Id.* By its terms, that relief applies universally and prohibits the Commission from enforcing the Non-Compete Rule against anyone, including POV.

---

[3] Plaintiffs in a third challenge to the Non-Compete Rule—in the Eastern District of Pennsylvania—have voluntarily dismissed their suit since the Northern District of Texas's ruling in *Ryan, LLC*. *See* Notice of Voluntary Dismissal, *ATS Tree Servs. v. Fed. Trade Comm'n*, No. 2:24-cv-1743 (E.D. Pa. Oct. 4, 2024), ECF No. 92.

The Commission noticed its appeal in this case on September 24, 2024. Only a few days ago, on October 18, 2024, the Commission noticed an appeal to the Fifth Circuit in *Ryan, LLC v. FTC*.

## DISCUSSION

It has long been established that a court "may hold one lawsuit in abeyance to abide the outcome of another." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937). Abeyance may support the "conservation of judicial resources," *Georgia ex. rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (citation omitted), and support "the interests of judicial economy." *Arango v. Wainwright*, 716 F.2d 1353, 1355 (11th Cir. 1983). In particular, courts often hold proceedings in abeyance "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

This Court and other circuits have also held cases in abeyance where other cases or proceedings addressed the same agency rule at issue. *See, e.g.*, *Georgia*, 833 F.3d at 1321 (holding Eleventh Circuit appeal in abeyance pending outcome of Sixth Circuit appeal concerning challenge to same agency rule); *Tex. Indep. Producers & Royalty Owners Ass'n v. Env't Prot. Agency*, 410 F.3d 964, 980 (7th Cir. 2005) (holding a Seventh Circuit case—involving an EPA permit—in abeyance pending outcome of a Fifth Circuit case addressing whether the permitting

5

requirements applied at all to the challengers). Similarly, circuit courts have held cases in abeyance when the outcome of other cases or proceedings may be dispositive of the action before it. *See, e.g.*, *Young v. Sec. & Exch. Comm'n*, 956 F.3d 650, 654 (D.C. Cir. 2020) (explaining that the court held "the case in abeyance pending the resolution" of a Supreme Court case pertaining to the constitutionality of the underlying agency proceeding at issue); *Springfield Television of Utah, Inc. v. Fed. Commc'ns Comm'n*, 710 F.2d 620, 623 (10th Cir. 1983) (explaining that the court held "proceedings … in abeyance pending FCC action on petitions for agency reconsideration").

Here, abeyance is warranted because this appeal and the Fifth Circuit appeal in *Ryan, LLC* challenge the same agency action (the Non-Compete Rule); involve the same agency defendant (the Federal Trade Commission); and raise a similar set of constitutional and statutory issues. As a result, holding this case in abeyance is likely to conserve judicial resources because the Fifth Circuit's ruling could moot or otherwise obviate the need for this appeal. As noted above, the district court's judgment in *Ryan, LLC* is final, and it applies nationwide—including to POV. If the Fifth Circuit affirms, then the Commission could not enforce the Non-Compete Rule against POV *even if* it prevailed in this appeal. And if the Fifth Circuit reverses in whole or in part, this Court could continue the proceedings in this case at that time.

6

This Court's opinion in *Georgia v. McCarthy* is instructive. There, this Court held an appeal involving the Environmental Protection Agency's Clean Water Rule in abeyance pending the outcome of a parallel Sixth Circuit appeal that concerned a challenge to the very same agency regulation. *See Georgia*, 833 F.3d at 1321. The Court explained that "[i]t would be a colossal waste of judicial resources for both this Court and the Sixth Circuit to undertake to decide the same issues about the same rule" at the same time. *Id* at 1321. The Court also concluded that it was "obvious" that the Sixth Circuit should "proceed to decision because it [was] significantly farther along the decisional path than" this Court was. *Id.* And the Court saw "no good reason not to stay [its] hand in the … case until the Sixth Circuit decide[d] the case before it" because the Sixth Circuit had implemented a "nationwide stay of the Clean Water Rule," such that "those opposing the rule [were] not being harmed by it in the interim." *Id.*

Those key considerations apply with equal force here. *First*, as discussed above, holding this appeal in abeyance would conserve judicial resources, and it would be a "waste of judicial resources for both this Court and the [Fifth] Circuit to undertake to decide the same issues about the same rule" at the same time. *Id* at 1321. *Second*, like in *Georgia*, the posture of the Fifth Circuit *Ryan, LLC* case makes it the most efficient appeal to proceed first "because it is significantly farther along the decisional path." *Id*. In *Ryan, LLC*, the Fifth Circuit is considering the grant of

7

a summary judgment motion that addresses the actual merits of whether the Commission exceeded its statutory authority in issuing the Non-Compete Rule. In contrast, this appeal is at the preliminary injunction posture addressing only the likelihood of success on the merits.[4] *Third*, no harm will come from abeyance given that nationwide stay of the Non-Compete Rule. *See id.* at 1321.

Finally, the Commission itself has recognized the benefits to holding proceedings in abeyance under analogous circumstances. Just two weeks ago, the Commission requested that the Southern District of Ohio adjourn an upcoming hearing on a preliminary injunction motion in a case involving a pending, related proceeding in a different circuit. *See* Defs.' Mot. to Adjourn October 28, 2024 Prelim. Inj. Hr'g, *Kroger Co. v. Fed. Trade Comm'n*, No. 1:24-cv-438 (S.D. Ohio Oct. 11, 2024), ECF No. 24. The Commission asserted that the outcome of a parallel proceeding in the District of Oregon "could be effectively dispositive," and it contended that "[t]here is thus no reason to expend judicial and party resources adjudicating [the] motion at this time." *Id.* at 2, 6. As the Commission explained, adjourning in that case—in favor of the potentially dispositive parallel proceeding—

---

[4] Because the Fifth Circuit appeal concerns a final judgment (as opposed to the preliminary injunction at issue in this appeal), the fact that the Commission filed its appeal first in the Eleventh Circuit does not counsel against holding this appeal in abeyance.

"would serve the interest of justice" and "conserve judicial and party resources." *Id.* at 1. The same is true here.

## CONCLUSION

For the reasons discussed above, POV respectfully requests that this Court hold this appeal in abeyance pending the resolution of the appeal in *Ryan, LLC*.

                                              Respectfully submitted,

October 25, 2024

Patrick M. Muldowney
Meagan L. Martin
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32802
(407) 649-4000
pmuldowney@bakerlaw.com
mmartin@bakerlaw.com

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby
Lauren Willard Zehmer
Matthew J. Glover
Eli Nachmany
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sgrigsby@cov.com
lzehmer@cov.com
mglover@cov.com
enachmany@cov.com

*Counsel for Plaintiff-Appellee Properties of the Villages, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed on October 25, 2024, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

<em>/s/ Stacey K. Grigsby</em><br>
Stacey K. Grigsby

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because this motion contains 1,929 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(a)(2)(B); and this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO, Version 2402, in 14-point, Times New Roman font.

Dated: October 25, 2024

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby