# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

PROPERTIES OF THE VILLAGES, INC.,

    *Plaintiff-Appellee*,

v.

FEDERAL TRADE COMMISSION,

    *Defendant-Appellant*.

No. 24-13102

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, counsel for appellant certifies that, to the best of their knowledge, the following persons and entities have an interest in the outcome of this appeal:

American Hotel & Lodging Association

American Investment Council

Araiza, William

Associated Builders and Contractors, Inc.

Baker & Hostetler LLP

Barack, Ryan D.

Bedoya, Alvaro

Boucek, Carolyn O.

Bowen, Molly Judith

Boynton, Brian M.

Constitutional Accountability Center

Consumer Technology Association

Corrigan, Hon. Timothy J.

Covington & Burling LLP

Creed & Gowdy, P.A.

Crooks, Jamie

Democracy Forward Foundation

Epstein, Becker, & Green, P.C.

Fairmark Partners LLP

Farby, Lesley

Federal Trade Commission

Ferguson, Andrew N.

Frazelle, Brian R.

Friedman, Todd R.

Futures Industry Association

Galvin, Jodyann

Glover, Matthew J.

Goodnature, Taisa M.

Gorod, Brianne J.

Gowdy, Bryan

Grigsby, Stacey K.

Handberg, Roger B.

Hassel, Margaret

Hearn, Robert

Holyoak, Melissa

Home Care Association of America

Hudson, Brian

Independent Electrical Contractors

Interfaith Coalition on Corporate Responsibility

International Franchise Association

Janda, Sean R.

Klein, Jonathan M.

Khan, Lina M.

Kwall Barack Nadeau PLLC

Lammens, Hon. Philip R.

Liu, Wendy

Lubbers, Jeffrey

Ludwig, Cynthia Giganti

Managed Funds Association

Martin, Meagan L.

Mayer Brown LLP

Mittal, Urja

Mody, Arjun

Muldowney, Patrick M.

Nachmany, Eli

Nadeau, Michelle Erin

National Association of Wholesaler-Distributors

National Employment Lawyers Association (Florida Chapter), Inc.

National Employment Law Project

National Federation of Independent Business Small Business Legal Center, Inc.

National Retail Federation

NYU Langone Health

Open Markets Institute

Parr, Jennifer

Pincock, Tara

Posner, Eric A.

Properties of the Villages, Inc.

Public Citizen

Public Citizen Litigation Group

Raab, Michael S.

Randolph, Daniel G.

Restaurant Law Center

Rigby, Katherine G.

Rose, Alexander

Saharsky, Nicole A.

Samburg, Mark B.

Securities Industry and Financial Markets Association

Slaughter, Rebecca Kelly

Shane, Peter M.

Small Business Majority

Starr, Evan

Todd R. Friedman, P.A.

The Holding Company of The Villages, Inc.

The Villages of Lake-Sumter, Inc.

Thurston, Robin F.

United States Council for International Business

Vaheesan, Sandeep

Vernon, Emily A.[*]

Wallace, Kyle G.A.

Warner, A. Millie

Weibust, Erik W.

Westmoreland, Rachael L.

Wydra, Elizabeth B.

Zehmer, Lauren Willard

---

[*] Emily A. Vernon is no longer employed at Covington & Burling LLP and she no longer represents Plaintiff-Appellee.

Zevin Asset Management

Zieve, Allison M.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, counsel for Plaintiff-Appellee Properties of the Villages, Inc., file this Corporate Disclosure Statement to notify this Court that the following parent corporations own 10% or more of Plaintiff-Appellee's stock:

The Holding Company of The Villages, Inc.

The Villages of Lake-Sumter, Inc.

Neither of these corporations is a publicly traded company or corporation, nor is Properties of the Villages, Inc. No publicly traded company or corporation has a 10% or greater ownership interest in The Holding Company of The Villages, Inc., or The Villages of Lake-Sumter, Inc.

# MOTION TO EXTEND BRIEFING DEADLINE

Plaintiff-Appellee Properties of the Villages, Inc. ("POV"), moves for a 30-day extension of its deadline for filing its brief. The current deadline is December 16, 2024, and POV respectfully requests to extend this deadline to January 15, 2025.

POV has good cause for an extension given the complexity and importance of this case, the number of amicus briefs filed in support of the FTC, the time spent to brief the motion for abeyance and reply, and upcoming November and December holidays and intervening filing deadlines in other matters.

Recognizing that POV would need additional time for its response brief if one were required, POV called the Clerk's Office on November 14, 2024, to make an over-the-phone request for a 30-day extension pursuant to 11th Cir. R. 31-2. That motion was granted, extending POV's briefing deadline to January 3, 2025, while its motion for abeyance was pending. *See* ECF No. 60. But when this Court subsequently denied POV's motion, the Court's order superseded the granted extension by setting a new deadline of December 16, 2024 (30 days from the entry of the order) to file POV's brief. *See* ECF No. 62. In other words, POV's briefing deadline was moved forward, such that POV now has less time to prepare its brief than it would have had absent the abeyance motion. When POV called to inquire about the extension, the Clerk's Office informed POV that it would not be able to re-instate or otherwise issue an over-the-phone extension under 11th Cir. R. 31-2

and directed POV to file a written motion for an extension. POV therefore respectfully requests that this Court issue a 30-day extension from the December 16, 2024, deadline to January 15, 2025.

POV conferred with counsel for Defendant-Appellant the Federal Trade Commission ("FTC"), who stated: "The Commission consents to an extension until January 3, 2025, which reflects a 30-day extension from plaintiff's original due date. Given the Commission's interest in securing prompt review of the preliminary injunction that has been entered against it, the Commission opposes any further extension." Counsel for the Commission indicated that the Commission would not file a written response to this motion. Although both parties agree that an extension until January 3 is appropriate at a minimum, POV seeks a short extension beyond January 3, 2025, in light of previously scheduled commitments during the Christmas and New Year's holidays in addition to the reasons for a 30-day extension discussed further below.

*First*, POV requests more time because this case concerns complex questions of law that are of nationwide importance. The FTC has promulgated a sweeping rule with extraordinary economic and political consequences. In support of its motion for a preliminary injunction, POV raised a host of constitutional and statutory claims, including an argument that the Commission lacked the statutory authority to issue the rule under the major questions doctrine. POV expects to press similar

arguments in this appeal. Moreover, the procedural posture of this case—an interlocutory appeal of the grant of a preliminary injunction—will require POV to address non-merits issues as well, including irreparable harm, the balance of the equities, and the public interest. Additional time would allow for more thorough briefing of these important issues to the benefit of the Court.

*Second*, POV is in the process of reviewing the amicus briefs that outside groups have filed in this case in support of the FTC. To date, more than nine amicus briefs have been filed in support of the Commission. When preparing its brief, POV will need to consider the arguments that amici have raised in their briefing.

*Third*, in addition to the upcoming Thanksgiving and December holidays, POV's counsel have several other filing deadlines in the coming weeks, including a Second Circuit brief due on November 22, a Ninth Circuit brief also due November 22, an Opposition to a Preliminary Injunction in the Southern District of New York due December 4, and a Fifth Circuit amicus brief due December 23—in addition to several other court and agency filings without discrete deadlines that are likely to be filed during this same window. POV's counsel team is also in the process of onboarding a new lead associate in light of a recent departure from the team for public service.

POV therefore respectfully requests that this Court grant a 30-day extension from the current appellee brief deadline of December 16, 2024, to a new deadline of January 15, 2025.

Dated:  November 22, 2024

Patrick M. Muldowney
Meagan L. Martin
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32802
(407) 649-4000
pmuldowney@bakerlaw.com
mmartin@bakerlaw.com

Respectfully submitted,

/s/ *Stacey K. Grigsby*
Stacey K. Grigsby
Lauren Willard Zehmer
Matthew J. Glover
Daniel G. Randolph
Eli Nachmany
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
sgrigsby@cov.com
lzehmer@cov.com
mglover@cov.com
drandolph@cov.com
enachmany@cov.com

*Counsel for Plaintiff-Appellee Properties of the Villages, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed on November 22, 2024, with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Stacey K. Grigsby*
Stacey K. Grigsby

# CERTIFICATE OF COMPLIANCE

I hereby certify that this reply complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 741 words, excluding the parts of the reply exempted by Federal Rule of Appellate Procedure 27(a)(2)(B); and this reply complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 MSO, Version 2402, in 14-point, Times New Roman font.

Dated: November 22, 2024

                                                   */s/ Stacey K. Grigsby*
                                                   Stacey K. Grigsby